# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2037

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| William Earl Cox, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: May 4, 2005
Filed: May 13, 2005

_____

Before MELLOY, McMILLIAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

William Cox appeals the concurrent 15-year and 10-year sentences the district court[1] imposed after he pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), and tampering with a witness or informant, in violation of 18 U.S.C. § 1512(b)(1). His counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the 15-year sentence was too harsh; and the sentences relied on prior state

_____

[1]The Honorable Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri.

convictions that were too remote in time, obtained in violation of Cox's right to counsel, or not of a violent nature.

These arguments fail. The district court was required to impose a sentence of at least 15 years imprisonment for the section 922(g) offense, because Cox had three previous convictions for a violent felony or a serious drug offense--namely, 1981 and 1984 Oklahoma convictions for possession of marijuana with intent to distribute, and a 1998 Missouri conviction for unlawful use of a weapon. See 18 U.S.C. §§ 924(e)(1), 924(e)(2)(A)(ii) (serious drug offense includes state offense of possessing controlled substance with intent to distribute, punishable by maximum prison term of 10 years or more), 924(e)(2)(B)(i) (violent felony includes any crime punishable by more than 1 year imprisonment that "has as an element the use, attempted use, or threatened use of physical force against the person of another"); Okla. Stat. tit. 63 §§ 2-204(C)(12), 2-401(A)(1) & (B)(1) (2004) (possession of marijuana with intent to distribute is punishable by maximum term of life in prison); Mo. Rev. Stat. § 571.030.1(4), 030.7 (2004 Supp.) (person unlawfully uses weapon by exhibiting in another's presence, in angry or threatening manner, any weapon readily capable of lethal use; Class D felony). These prior convictions were not excludable because of their age, see U.S.S.G. § 4B1.4, comment (n.1) (time periods for counting prior sentences under U.S.S.G. § 4A1.2 are not applicable in determining whether defendant is subject to enhanced sentence under § 924(e)); and the presentence report (to which Cox did not object) indicates representation by counsel in each of the prior cases.

Having carefully reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____